UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RONY JOSE SILVA RUIZ,

Petitioner,

v. Case No. 3:26-cv-1963-MMH-SJH

SHERIFF SCOTTY RHODEN and
U.S. ATTORNEY GENERAL,

Respondents.

---

**ORDER**

Petitioner Rony Jose Silva Ruiz, an immigration detainee, initiated this action by filing a pro se Petition for a Writ of Habeas Corpus (Doc. 1) on July 31, 2026.[1] Silva Ruiz, a citizen of Venezuela, was paroled into the United States on February 3, 2024. Doc. 4-2 at 5. On June 17, 2026, United States Immigration and Customs Enforcement (ICE) detained Silva Ruiz following a traffic stop. Doc. 4-3 at 1. The crux of Silva Ruiz's Petition is that he is not

[1] Silva Ruiz also filed a Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2). On August 6, 2026, the Court granted Silva Ruiz's request for a temporary restraining order and enjoined Respondents from removing him from the Middle District of Florida through August 18, 2026. See Temporary Restraining Order (Doc. 3). The Court also notified the parties that it would consolidate consideration of the request for a preliminary injunction with an adjudication of the Petition on the merits and set a briefing schedule. See id.

subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Doc. 1 at 6. As relief, he seeks, inter alia, immediate release. Id. at 7.

The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Silva Ruiz, who is detained at or near the border, paroled into the United States, and is re-detained over two years later, its reasoning also applies to this case. Silva Ruiz was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Silva Ruiz's Petition for a Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[2] Within **seven days** of

[2] Because the Court finds that Silva Ruiz is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

this Order, Respondents shall either afford Silva Ruiz an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Silva Ruiz, at least **five (5) hours** before releasing him, Respondents shall provide him with access to a telephone to arrange transportation from the detention facility.

2. Silva Ruiz's request for a preliminary injunction (Doc. 2) is **DENIED as moot**.

3. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of August, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 8/17
c:
Rony Jose Silva Ruiz, #A233571997
Counsel of Record